IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CORTNEY BRYANT, #306-533 | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil Action No. CCB-06-3180 |
| | * | |
| JAMES S. SMITH, Warden, *et al.* | * | |
| | * | |
| Respondents | * | |

oOo
**MEMORANDUM**

Before the court is a pro se 28 U.S.C. §2254 petition for federal habeas corpus relief filed by Cortney Bryant, an inmate at the Jessup Correctional Institution, challenging his convictions in 2001, for first-degree premeditated murder, robbery with a deadly weapon, and conspiracy to commit robbery with a deadly weapon in the Circuit Court for Baltimore County. Respondents, James S. Smith, Warden of the Jessup Correctional Institution, and Douglas F. Gansler, Attorney General of the State of Maryland, by their counsel, have moved to dismiss the petition as time-barred under U.S.C. § 2244(d). Petitioner has filed a reply in opposition.

Upon review of the pleadings, exhibits and applicable law, the court finds that no hearing is necessary and the petition is untimely. The court will dismiss the petition by separate order.

**I. Procedural Background**

On December 11, 2001, a jury sitting in the Circuit Court for Baltimore County convicted Bryant of first-degree premeditated murder, robbery with a deadly weapon, and conspiracy to commit robbery with a deadly weapon. Bryant elected a court sentencing proceeding, and received the death penalty. On May 12, 2003, the Court of Appeals of Maryland affirmed Bryant's convictions but vacated his death sentence, deciding that (1) the trial court had erred by not finding by a preponderance of the evidence that youthful age was a mitigating circumstance and,

consequently, that (2) the ultimate weighing of the aggravating versus mitigating factors presented at sentencing was inadequate.[1]  *See Bryant v. State of Maryland*, 374 Md. 585, 590 (2003).  The Court of Appeals of Maryland remanded the case to the Circuit Court for a new sentencing proceeding.

On remand, Bryant entered a plea agreement and was resentenced on December 17, 2003, to life imprisonment without parole on the first-degree premeditated murder conviction, and twenty years imprisonment to be served concurrently on his remaining convictions.  Bryant did not seek leave to appeal his sentence within the thirty days allowed by law.  *See* Md. Rule 8-204(a).

On December 20, 2004, Bryant filed for state post-conviction relief in the Circuit Court for Baltimore County.  The petition was denied on August 2, 2005.  The Court of Special Appeals of Maryland denied Bryant's application for leave to appeal the denial of post-conviction relief on December 14, 2005, and the mandate issued on January 17, 2006.  The instant 28 U.S.C. § 2254 motion for habeas corpus relief was filed on November 20, 2006.[2]  (Paper No. 1).

## II. Statute of Limitations

A one-year statute of limitations applies to federal habeas petitions challenging non-capital state convictions. *See* 28 U.S.C. §§ 2244(d),[3] 2263.  This one-year period is tolled while properly filed

---

[1] Bryant was less than nineteen years old at the time of the murder and was of "youthful age" as a matter of law. *See Bryant*, 374 Md. at 620-21 (2003).

[2] For the purposes of reviewing the timeliness of the petition under 28 U.S.C. §2244(d), the court deems the petition as delivered to prison authorities on the date it was signed, November 20, 2006.  *See United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (rejecting limitations defense due to applicability of mail-box rule in a 28 U.S.C. §2255 proceeding).

[3] This section provides:

> (1)   A 1-year period of limitation shall apply to an application

post- conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 329-30 (4th Cir. 2000).

**III. Analysis**

Under these facts, Bryant's convictions became final and the one-year limitations period started to run on January 16, 2004, when the thirty-day period to file for leave to appeal after entry of judgment expired. After that, Bryant did not have any state post conviction proceedings pending until December 20, 2004, eleven months later. Accordingly, eleven months ran from the time the conviction became final, January 16, 2004, to the filing of the state petition for post-conviction relief

---

        for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

on December 20, 2004. This means that at the time the state post-conviction petition was filed, eleven months of the limitations period had elapsed. After the Court of Appeals of Maryland issued its mandate on January 17, 2006, Bryant waited another nine months before filing his federal habeas petition. These periods combined, some twenty months, well exceed the one-year limitations period.

Bryant asserts that his petition should not be dismissed as untimely because: 1) his attorney hardly contacted him so when he received her letter informing him that his "post-conviction appeal" was denied, he had never been informed that his "federal time started and after I was denied she informed me that she was filing my leave to appeal" (Paper No. 10);  2) he called his attorney in December of 2005, and she informed him that his "leave to appeal" was denied in September of 2005,[4] but he never received written notice of the denial through the mail; 3) the entire prison was in lock-down after the murder of a state corrections officer in July 2006, and he had no access to his legal papers or the prison law library; and 4) the inmate who was assisting him in his legal proceedings died.[5] Having carefully considered these proffered bases, the Court determines that none amounts to an extraordinary circumstance justifying equitable tolling.

In order to be entitled to equitable tolling, a petitioner must establish "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be

---

[4] Bryant's recollection of this date appears inaccurate. The Court of Special Appeals of Maryland denied leave to appeal the denial of post-conviction relief on December 14, 2005. *See supra* p. 2.

[5] Bryant acknowledges that he "was always told by court appointed attorneys" that he had "a year to file for federal relief, but after the whole post-conviction process was over with." Paper No. 10.

reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F. 3d at 330. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Rouse*, 339  F.3d  at 246.

In regard to Bryant's assertions concerning his application before the Court of Special Appeals of Maryland for leave to appeal, he appears to misunderstand how the one-year limitations period is calculated.  Bryant states he learned his application for leave to appeal was denied in September of 2005.  In fact, the Court of Appeals of Maryland denied the application on December 15, 2005, and the mandate issued on January 17, 2006.  To the extent Bryant's delay in filing his federal petition can be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling.  *See  United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).  Insofar as Bryant might intend to suggest that his delayed filing is somehow attributable to allegedly deficient legal assistance, ineffective assistance of counsel generally fails to warrant equitable tolling.  *See Rouse*, 339 F.3d at 248-49; 28 U.S.C. §2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254"); *see also Harris*, 209 F.3d at 331.

Bryant's allegations of insufficient legal resources during lockdown do not warrant equitable tolling.  Lockdowns and periods during which a prisoner is separated from his legal papers, without more, do not amount to extraordinary circumstances. *See Dodd v. United States*, 365 F. 3d 1273, 1283 (11th Cir. 2004).  Further, the statute of limitations applicable here had already expired by July of 2006, when the prison lockdown took place.  Lastly, in regard to Bryant's  assertion that a

prisoner who had assisted him in his legal proceedings died, prisoners are often transferred during the ordinary course of prison administration.  That Bryant's fellow inmate was unavailable to him, albeit because the inmate had died, neither constitutes an extraordinary circumstance nor otherwise excuses Bryant's untimely filing of the petition.

**IV.  Conclusion**

In light of the above, the court determines that Bryant fails to satisfy his burden to demonstrate that equitable tolling is warranted. Accordingly, the petition is time-barred and will be dismissed by separate order.


<u>April 11, 2007</u>                                         _____/s/_____
Date                                                                         Catherine C. Blake
                                                                                  United States District Judge